**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 1:06-M-43M |
| v. | : | |
| | : | |
| | : | |
| KEN W. LEE | : | |

**AGREEMENT FOR PRETRIAL DIVERSION**

It appearing that you are reported to have committed an offense against the United States on or about April 29, 2006, in violation of 49 U.S.C. § 46505(b)(1), in that you did: attempt to get on air aircraft while having on your property a concealed dangerous weapon that would have been accessible to you in flight. Upon accepting responsibility for your behavior and by your signature on this Agreement, it appearing, after an investigation of the offense, and your background, that the interest of the United States and your own interest and the interest of justice will be served the following procedure; therefore

On the authority of the Attorney General of the United States, by Robert Clark Corrente, United States Attorney for the District of Rhode Island, prosecution in this District for this offense shall be deferred for the period of four (4) months from this date, provided you abide by the following conditions and the requirements of this Agreement set out below.

Should you violate the conditions of this Agreement, the United States Attorney may revoke or modify any conditions of this pretrial diversion program or change the period of supervision, which shall in no case exceed eighteen months. The United States Attorney may release you from supervision at any time. The United States Attorney may at any time within the period of your supervision initiate or resume prosecution for this offense should you violate the conditions of this Agreement. In that case, he will furnish you with notice specifying the conditions of the Agreement which you have violated.

After successfully completing your diversion program and fulfilling all the terms and conditions of the Agreement, no prosecution for the offense set out on page 1 of this Agreement will be instituted in this District, and the charges against you, if any, will be dismissed.

Neither this Agreement nor any other document filed with the United States Attorney as a result of your participation in the Pretrial Diversion Program will be used against you, except for impeachment purposes, in connection with any prosecution for the above-described offense.

General Conditions of Pretrial Diversion

1. You shall not violate any law, whether Federal, State, or Local. You shall immediately contact your pretrial diversion supervisor if arrested and/or questioned by any law enforcement officer.

2. You shall seek and maintain regular work at a lawful occupation or otherwise comply with the terms of the special program described below. If you lose your job, you shall notify your pretrial diversion supervisor at once. You shall consult him/her prior to job changes.

3. You shall report to your supervisor as directed and keep him/her informed of your whereabouts.

4. You shall follow the program and such special conditions as may be described below.

Special Condition

1. You shall not be in possession of any firearms or ammunition.

I assert and certify that I am aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I also am aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay bringing a defendant to trial. I am also aware that the Speedy Trial Act, 18 U.S.C. §3161, generally provides a defendant with the statutory right to a trial within 70 days of being indicted. I hereby request the United States

Attorney for the District of Rhode Island to defer such prosecution. I agree and consent that any delay from the date of this Agreement to the date of initiation or resumption of prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request, and I waive any defense to such prosecution on the ground that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure, the Speedy Trial Act, and the Sixth Amendment to the Constitution of the United States to a speedy trial, for a period of months equal to the period of this agreement. I understand that this period will be deemed excluded from being calculated under the Speedy Trial Act, pursuant to 18 U.S.C. §3161(h)(1)(I)(consideration of plea agreement); §3161(h)(2)(deferral of prosecution to allow defendant to demonstrate good conduct); and §3161(h)(8)(ends of justice outweigh the interest in speedy trial).

I hereby state that the above has been read and explained to me. I understand the conditions of my pretrial diversion program and agree that I will comply with them.

Ken W. Lee
KEN W. LEE
Defendant

7/27/06 (RBM)
Date

Robert D. Mann
ROBERT MANN, ESQ.
Counsel for Defendant

7/31/06
Date

ROBERT CLARK CORRENTE
United States Attorney

8/7/06
Date

BARRY WEINER
Chief Probation Officer

8/10/06
Date